IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUISHA MATTHEWS,

   Plaintiff,

     v.

ULTIMATE SPORTS BAR, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-2353-TWT

**OPINION AND ORDER**

This is an FLSA overtime action. It is before the Court on the Defendant Alston's Motion to Stay Proceeding and Compel Binding Arbitration [Doc. 19]. For the reasons set forth below, the Defendant Alston's Motion to Stay Proceeding and Compel Binding Arbitration [Doc. 19] is DENIED.

**I. Background**

The Plaintiff Marquisha Matthews was a server for the Defendant Ultimate Sports Bar, LLC.[1] The Plaintiff alleges, *inter alia*, that Ultimate failed to pay her the minimum wage, required her to pay a portion of her tips directly to Ultimate, and failed to compensate her for overtime work.[2] The Plaintiff filed suit against Ultimate,

---

    [1]     First. Am. Compl. ¶ 7.

    [2]     <u>Id.</u> ¶¶ 67, 70, 77.

asserting claims under the FLSA. The Plaintiff has also named Alre Alston and Blue Star Kitchen, Inc. as Defendants. Alston was a supervisor at Ultimate while the Plaintiff worked as a server.[3] Blue Star operates a bar and restaurant called U Bar, which was formerly the Ultimate Sports Bar & Grill.[4] The Plaintiff alleges that the bar run by Blue Star is a continuation of the bar and restaurant run by Ultimate, and thus Blue Star is liable under the FLSA as a successor.[5]

On July 21, 2014, the Defendant Alston filed the instant Motion to Stay the Proceeding and Compel Binding Arbitration. The Court denied the Motion and the Defendant appealed. On July 21, 2015, the Eleventh Circuit vacated this Court's Order and remanded the case.[6] The Eleventh Circuit held that, based on the Court's summary Order, it was "unable to conduct meaningful appellate review of the enforceability of the Arbitration Agreement."[7] Consequently, this Court will again address the Defendant Alston's Motion to Stay Proceeding and Compel Binding Arbitration.

## II. Legal Standard

---

[3] Id. ¶¶ 49, 52.

[4] Id. ¶ 38.

[5] Id. ¶ 43.

[6] Matthews v. Ultimate Sports Bar, LLC, 621 Fed. Appx. 569 (11th Cir. 2015) (per curiam).

[7] Id. at 573.

"The liberal federal policy favoring arbitration agreements . . . is at bottom a policy guaranteeing the enforcement of private contractual arrangements."[8] When considering a motion to compel arbitration, the Court must first "determine whether the parties agreed to arbitrate that dispute."[9] If they have, the Court must then determine whether the arbitration clause is valid. It may be unenforceable on grounds that would permit the revocation of any contract, such as fraud or unconscionability.[10] There may also be legal constraints precluding arbitration, such as a clear congressional intention that a certain claim be heard in a judicial forum.[11] "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to

---

[8]  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985).

[9]  Id. at 626.

[10]  See id. at 627 ("[C]ourts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds 'for the revocation of any contract.'") (citing 9 U.S.C. § 2)).

[11]  See id. at 628 ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.").

arbitrability."[12] If the moving party establishes the necessary elements, "the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration."[13]

### III. Discussion

The Plaintiff argues that the arbitration agreement is unenforceable because it is unconscionable and indefinite. "[A]rbitration agreements . . . may be held unenforceable . . . if, under the controlling state law of contracts, requiring arbitration of a dispute would be unconscionable."[14]  "Georgia's unconscionability doctrine contemplates both procedural unconscionability, which addresses the process of making the contract, and substantive unconscionability, which looks to the contractual terms themselves."[15] "When considering procedural unconscionability, the Georgia courts examine the age, education, intelligence, business acumen and experience of the parties, their relative bargaining power, the conspicuousness and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of a meaningful choice."[16] With substantive unconscionability,

---

[12] Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

[13] Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008).

[14] Cappuccitti v. DirecTV, Inc., 623 F.3d 1118, 1123-24 (11th Cir. 2010).

[15] Id. at 1124.

[16] Id.

"courts have focused on matters such as the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns."[17] In addition, a contract is unenforceable under Georgia law "if its terms are incomplete, vague, indefinite or uncertain."[18] "The test of an enforceable contract is whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon."[19]

Here, the Court holds that the arbitration agreement is unenforceable. To begin, there are multiple sections of the agreement that are simply incomprehensible. For example, the arbitration agreement reads: "Unless except the agreement is governs the interpretation, enforcement and proceedings by the Federal arbitration Act 9, USC 1, et se. To the extent that The federal Arbitration Act is applicable or not to require arbitration of claims or claim, GA law pertaining to the agreements can apply."[20] The Court cannot decipher this clause.[21] The agreement also states: "If a part of this

---

[17] Id.

[18] Kitchen v. Insuramerica Corp., 296 Ga. App. 739, 743 (2009) (quoting Aukerman v. Witmer, 256 Ga. App. 211, 214 (2002)).

[19] Id. (quoting Kueffer Crane, etc., Inc. v. Passarella, 247 Ga. App. 327, 330 (2000)).

[20] Mot. to Stay Proceeding and Compel Binding Arbitration, Ex. A.

[21] Cf. Sheet Metal Workers' Int'l Assoc. Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543, 547-48 (11th Cir. 2007) (holding that even

agreement is unenforceable, held voidable by any court or arbitrator there's nothing in this agreement that shall limit its enforceability of any parts of the agreement."[22] This passage appears to direct the arbitrator to enforce every section of the agreement, despite a court's ruling that a section of the agreement is unenforceable. Beyond the nonsensical language, the agreement is missing essential terms, including how the parties select an arbitrator and the governing authority, like the American Arbitration Association, under which the arbitration would be conducted.

Other procedural unconscionability factors also weigh in the Plaintiff's favor. The Plaintiff is a single mother with an annual income of less than $24,000.00.[23] She had very little bargaining power, as her employment was conditioned on her accepting the arbitration agreement.[24] And she was a restaurant server – a worker who is almost certainly not trained to decipher legal contracts. To be sure, Georgia courts have held in the employment context that unequal bargaining power and "lack of sophistication or economic disadvantage of one attacking arbitration will not amount to

---

though "the language read literally [was] nonsensical," given the typographical error, "the intent of the parties [was] perfectly clear from the face of the agreement," making the arbitration clause enforceable).

[22]   Mot. to Stay Proceeding and Compel Binding Arbitration, Ex. A.

[23]   Matthews Decl. ¶ 9.

[24]   Id. ¶ 6.

unconscionability."[25] But this arbitration agreement is not your standard-form arbitration clause; it contains nonsensical language that even the Court cannot comprehend. Accordingly, the Court concludes that the arbitration agreement is unenforceable because it is unconscionable and indefinite.

In his response, the Defendant fails to address the nonsensical language. Rather, he points to several cases where courts have upheld arbitration agreements despite missing terms or cost-shifting provisions. For example, he cites to Green Tree Financial Corp.-Alabama v. Randolph.[26] There, the Supreme Court held that silence with respect to the costs of arbitration does not render an arbitration agreement unenforceable.[27] The Court explained that the plaintiff bears the burden of proving "that arbitration would be prohibitively expensive."[28] However, the Plaintiff here is not merely challenging the arbitration agreement's missing terms or cost-shifting provision. She also argues that the agreement is incomprehensible.[29] The instant arbitration agreement is also distinguishable from the arbitration clause in Blinco v.

---

[25]  Saturna v. Bickley Constr. Co., 252 Ga. App. 140, 141 (2001).

[26]  531 U.S. 79 (2000).

[27]  Id. at 92.

[28]  Id.

[29]  See Pl.'s Resp. Br., at 7 ("The Agreement is indefinite, contradictory, unintelligible and unconscionable.").

Green Tree Servicing LLC.[30] In Blinco, the Eleventh Circuit held that failure to "specify the identity of the arbitrator, forum, location or allocation of costs from the arbitration" did not invalidate an arbitration clause.[31] In support of its holding, the Court cited to the Supreme Court's holding in Randolph, and noted that Section 5 of the Federal Arbitration Act allows courts to select an arbitrator for parties who cannot agree upon one.[32] But unlike the instant arbitration agreement, the arbitration clause in Blinco was comprehensible. Indeed, the plaintiffs in Blinco only challenged its missing terms.[33]

The Defendant also appears to contend that the Court should consider whether the contract is severable and sever any provisions it finds to be unconscionable. The Defendant points to the arbitration agreement's severability clause – which the Court discussed above – as evidence of the parties' intent for the agreement to be severable. Under Georgia law:

---

[30] 400 F.3d 1308 (11th Cir. 2005) (per curiam), *abrogated on other grounds, as recognized in* Lawson v. Life of the South Ins. Co., 648 F.3d 1166, 1171 (11th Cir. 2011).

[31] Id. at 1312-13.

[32] Id. at 1313.

[33] See id. at 1312-13 ("[T]he Blincos argue that the arbitration clause is unenforceable because it does not specify the identity of the arbitrator, forum, location or allocation of costs from the arbitration.").

> [i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.[34]

However, "[o]ther courts have foreclosed severance if the unconscionable provisions compromise essential aspects of the agreement as a whole, or if they demonstrate a systematic effort to create a one-sided, employer-friendly forum."[35] Here, the Court finds that the arbitration agreement as a whole should be unenforceable. The arbitration agreement contains clauses that are incomprehensible and is missing material terms. The Court cannot fix these aspects of the agreement "without rewriting the agreement with respect to its essential aspects, which, under O.C.G.A. § 11-2-302, this Court would be disinclined to do."[36] As a result, the Court rejects the Defendant's severability argument.

## IV. Conclusion

For these reasons, the Court DENIES the Defendant Alston's Motion to Stay Proceeding and Compel Binding Arbitration [Doc. 19].

---

[34]   O.C.G.A. § 11-2-302.

[35]   Cannon v. South Atlanta Collision Center, LLC, No. 1:11-CV-1030-TWT-ECS, 2012 WL 1004914, at *8 (N.D. Ga. Feb. 27, 2012) (citing Nino v. Jewelry Exchange, Inc., 609 F.3d 191, 206-07 (3d Cir. 2010)).

[36]   Id.

SO ORDERED, this 27 day of July, 2016.

       /s/Thomas W. Thrash
       THOMAS W. THRASH, JR.
       United States District Judge