IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUISHA MATTHEWS, )
)
     Plaintiff, ) Civil Action Number:
)
v. ) 1:13-cv-02353- WSD
)
ULTIMATE SPORTS BAR, LLC, )
BLUE STAR KITCHEN, INC., and )
ALRE M. ALSTON, )
)
     Defendants. )
_____/

## DEFENDANT BLUE STAR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Blue Star Kitchen, Inc. ("Blue Star" or "Defendant") answers Plaintiff Marquisha Matthews' ("Matthews" or "Plaintiff"), First Amended Complaint ("FAC"), as follows:

As to the specific numbered paragraphs of the Complaint, Defendant states as follows:

## INTRODUCTION

### 1.

Paragraph 1 of Plaintiff's FAC contains a description of the action for which no admission or denial is required; however, to the extent such Paragraph alleges

and/or implies that Blue Star engaged in any unlawful conduct, such allegations and/or implications are expressly denied.

2.

Paragraph 2 of Plaintiff's FAC contains a description of the state law claims they are asserting for which no admission or denial is required; however, to the extent such Paragraph alleges and/or implies that Blue Star engaged in any unlawful conduct, such allegations and/or implications are expressly denied.

**JURISDICTION AND VENUE**

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's FAC.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's FAC.

5.

As for the allegations contained in Paragraph 5 of Plaintiff's FAC, Defendant admits only that venue is proper in this Court to the extent the applicable arbitration agreement is not invoked in this case.

## THE PARTIES

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's FAC, so it is deemed denied.

7.

Paragraph 7 is directed toward Defendant Ultimate Sports Bar, LLC ("Ultimate") and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's FAC, so it is deemed denied.

8.

Paragraph 8 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's FAC, so it is deemed denied.

9.

Paragraph 9 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's FAC, so it is deemed denied.

10.

Paragraph 10 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's FAC, so it is deemed denied.

11.

Paragraph 11 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's FAC, so it is deemed denied.

12.

Paragraph 12 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's FAC, so it is deemed denied.

13.

Paragraph 13 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's FAC, so it is deemed denied.

14.

Paragraph 14 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's FAC, so it is deemed denied.

15.

Paragraph 15 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's FAC, so it is deemed denied.

16.

Paragraph 16 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's FAC, so it is deemed denied.

17.

Paragraph 17 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's FAC, so it is deemed denied.

18.

Paragraph 18 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's FAC, so it is deemed denied.

19.

Paragraph 19 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's FAC, so it is deemed denied.

20.

Paragraph 20 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's FAC, so it is deemed denied.

21.

Paragraph 21 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's FAC, so it is deemed denied.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's FAC.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's FAC.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's FAC.

25.

Defendant admits the allegations contained in Paragraph 25 of Plaintiff's FAC.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's FAC.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's FAC.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's FAC.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's FAC.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's FAC.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's FAC.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's FAC.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's FAC.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's FAC.

35.

Defendant admits the allegations contained in Paragraph 35 of Plaintiff's FAC.

36.

Defendant admits the allegations contained in Paragraph 36 of Plaintiff's FAC.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's FAC.

38.

Defendant admits that Blue Star manages a restaurant known as U Bar, but denies that U Bar was formerly known as The Ultimate Sports Bar Grill. Defendant further denies any implication that Blue Star is a successor in interest to The Ultimate Bar and Grill.

39.

Defendant admits that it entered into an agreement to purchase certain equipment from Ultimate. However, Blue Star denies that it uses the same equipment and supplies as Blue Star had purchased new equipment and supplies to operate its business. Blue Star denies any remaining allegations contained in Paragraph 39 of Plaintiff's FAC.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's FAC.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's FAC. However, subject to the foregoing denial, Blue Star admits that it entered into a lease of the commercial space with address of 3515 Camp Creek Parkway, East Point, GA 30344 and such location is used to operate the restaurant known as the U-Bar.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's FAC.

43.

Defendant denies the allegations contained in Paragraph 43 of Plaintiff's FAC.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiff's FAC.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's FAC.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's FAC, so it is deemed denied.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's FAC.

48.

Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's FAC, so it is deemed denied.

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiff's FAC.

50.

Paragraph 50 is directed towards Ultimate and Alston and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's FAC, so it is deemed denied.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's FAC.

52.

Paragraph 52 is directed towards Alston and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's FAC, so it is deemed denied.

53.

Defendant denies the allegations contained in Paragraph 53 of Plaintiff's FAC.

54.

Paragraph 54 is directed towards Alston and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's FAC, so it is deemed denied.

55.

Paragraph 55 is directed towards Alston and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's FAC, so it is deemed denied.

56.

Paragraph 56 is directed towards Alston and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's FAC, so it is deemed denied.

57.

Paragraph 57 is directed towards Alston and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's FAC, so it is deemed denied.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's FAC. Defendant avers that Blue Star never employed Plaintiff in any manner.

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiff's FAC. Defendant avers that Blue Star never employed Plaintiff in any manner.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiff's FAC.

61.

Defendant denies the allegations contained in Paragraph 61 of Plaintiff's FAC.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's FAC.

63.

Defendant denies the allegations contained in Paragraph 63 of Plaintiff's FAC.

## COUNT I

## FAILURE TO PAY MINIMUM WAGE

### 64.

The responses in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's FAC. Defendant avers that Blue Star never employed Plaintiff Matthews in any manner.

### 66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's FAC. Defendant avers that since Blue Star never employed Plaintiff Matthews in any manner, Blue Star never had any obligation to inform Plaintiff Matthews of any provision in the FLSA.

### 67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's FAC.

### 68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's FAC.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's FAC. Defendant avers that Blue Star never employed Plaintiff Matthews in any manner.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's FAC.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiff's FAC.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiff's FAC.

73.

Defendant denies the allegations contained in Paragraph 73 of Plaintiff's FAC.

## COUNT II

## FAILURE TO PAY OVERTIME

### 74.

The responses in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's FAC. Defendant avers that Blue Star never employed Plaintiff Matthews in any manner.

### 76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's FAC. Defendant avers that Blue Star never employed Plaintiff Matthews in any manner.

### 77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's FAC.

### 78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiff's FAC.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiff's FAC.

80.

Defendant denies the allegations contained in Paragraph 80 of Plaintiff's FAC.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's FAC.

## COUNT III

## BREACH OF CONTRACT

82.

The responses in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

83.

Paragraph 83 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's FAC, so it is deemed denied.

84.

Paragraph 84 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's FAC, so it is deemed denied.

85.

Paragraph 85 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's FAC, so it is deemed denied.

86.

Paragraph 86 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's FAC, so it is deemed denied.

87.

Paragraph 87 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's FAC, so it is deemed denied.

88.

Paragraph 88 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's FAC, so it is deemed denied.

89.

Paragraph 89 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's FAC, so it is deemed denied.

90.

Paragraph 90 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's FAC, so it is deemed denied.

91.

Paragraph 91 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's FAC, so it is deemed denied.

92.

 Paragraph 92 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's FAC, so it is deemed denied.

93.

Defendant denies the allegations contained in Paragraph 93 of Plaintiff's FAC.

# COUNT IV

# PROMISSORY ESTOPPEL

## 94.

The responses in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

## 95.

Paragraph 95 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's FAC, so it is deemed denied.

## 96.

Paragraph 96 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's FAC, so it is deemed denied.

## 97.

Paragraph 97 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's FAC, so it is deemed denied.

98.

Paragraph 98 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's FAC, so it is deemed denied.

99.

Paragraph 99 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's FAC, so it is deemed denied.

100.

Paragraph 100 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's FAC, so it is deemed denied.

101.

Paragraph 101 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's FAC, so it is deemed denied.

102.

Paragraph 102 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiff's FAC, so it is deemed denied.

103.

Paragraph 103 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of Plaintiff's FAC, so it is deemed denied.

## COUNT V

## STUBBORNLY LITIGIOUS BEHAVIOR

104.

The responses in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

105.

Paragraph 105 is directed toward Defendant Ultimate and Blue Star is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiff's FAC, so it is deemed denied.

Defendant denies each allegation contained in the FAC not expressly admitted herein. Defendant further provides that any relief sought by Plaintiff is barred, in whole or in part, by the following affirmative defenses:

## FIRST DEFENSE

Some or all of the FAC fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The FAC should be dismissed as to Defendant Blue Star on the grounds that it was never the Plaintiff's "employer" as defined in FLSA §3(d), 29 U.S.C. § 203(d).

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant owed no duty to Plaintiff.

## FOURTH DEFENSE

Any disputes regarding Plaintiff's alleged employment with Ultimate are subject to an arbitration agreement between the Plaintiff and Ultimate and, as a result, this Court lacks jurisdiction over Plaintiff's claims.

## FIFTH DEFENSE

Any claim for overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act ("FLSA") which may have occurred were not "willful" within the meaning of the statute.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by set-off. By the virtue of payments that were made to Plaintiff by gratuities for which they were either

legally or not legally entitled to, Plaintiff's damages should be set-off by all compensation received.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.  Upon information and belief, Plaintiffs engaged in an "auto-gratuity" scheme to obtain more compensation than that for which they were entitled.  Ultimate did not have a system for automatic entitlement to gratuities, but Plaintiff falsely represented to customers that such payment was mandatory, when it was not in fact true.

## EIGHTH DEFENSE

Plaintiff's claims are barred against this Defendant because Blue Star is not a successor-in-interest to Ultimate and/or cannot be held liable for Ultimate's debts under a theory of successor liability.

## NINTH DEFENSE

This court lacks supplemental jurisdiction over Plaintiff's state law claim because it is not so related to the federal claims as to form part of the same case or controversy.

## TENTH DEFENSE

Plaintiff's claims are barred because they accrued prior to the existence of Blue Star.  Blue Star was incorporated on March 19, 2013.

Respectfully submitted this 21st day of December, 2016.

NEWBY LAW GROUP, LLC

*/s/ Kenneth A. Newby*

Kenneth A. Newby
GA State Bar No. 179772
55 Ivan Allen Jr. Blvd., Suite 820
Atlanta, GA 30308
(404) 736-3727 (t)
(404) 745-0075 (f)
ken@newbylawgroup.com

*Attorney for Blue Star Kitchen, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUISHA MATTHEWS,           )
                              )
    Plaintiff,           )          Civil Action Number:
                              )
v.                            )          1:13-cv-02353- WSD
                              )
ULTIMATE SPORTS BAR, LLC,     )
BLUE STAR KITCHEN, INC., and  )
ALRE M. ALSTON,               )
                              )
    Defendants.           )
_____/

## CERTIFICATE OF SERVICE

I certify that I electronically filed Blue Star's Answer to Plaintiffs' First Amended Complaint with the Court using the CM/ECF system on December 21, 2016 which will automatically send an e-mail notification to all counsel of record who have consented to receiving such electronic notice, including counsel for Plaintiffs identified below:

    Charles Ronald Bridgers
    Kevin D. Fitzpatrick, Jr.
    Delong Caldwell Bridgers & Fitzpatrick, LLC
    3100 Centennial Tower
    101 Marietta Street
    Atlanta, Georgia 30303

NEWBY LAW GROUP, LLC

*/s/ Kenneth A. Newby*
_____
Kenneth A. Newby
GA State Bar No. 179772
55 Ivan Allen Jr. Blvd., Suite 820
Atlanta, GA 30303
(404) 736-3727 (t)
(404) 745-0075 (f)
ken@newbylawgroup.com

*Attorney for Blue Star Kitchen, Inc.*