**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARQUISHA MATTHEWS,<br><br>　　　Plaintiff,<br><br>v.<br><br>ULTIMATE SPORTS BAR, LLC, et al.,<br><br>　　　Defendants. | CASE NO.: 1:13-cv-2353-TWT |

**DEFENDANTS', BLUE STAR KITCHEN INC.'S AND ALRE ALSTON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN PROCEEDINGS, TO APPROVE FLSA SETTLEMENT, AND ENFORCE SETTLEMENT**

Defendants Blue Star Kitchen, Inc. ("Blue Star") and Alre Alston hereby file this response and oppose the reopening of the proceedings before this Court and approval of a settlement that was never finalized. As provided herein, counsel for the parties had prepared documentation for settlement, but that documentation was never executed by the parties or approved by the Court. This case was terminated on October 16, 2017 [Doc. 64]. This matter is now closed and a failure to calendar a deadline is not excusable neglect. Moreover, the request for relief is not properly before this Court in the first instance because Plaintiff alleges the entry of a settlement *after* the case was

1

dismissed, thereby depriving this Court of ancillary or supplemental jurisdiction.

## RELEVANT FACTUAL BACKGROUND

This matter had been dismissed, by order of the Court, on October 16, 2017 [Doc. 64]. A final judgment was concurrently entered [Doc. 65]. Fifteen days later, Ms. Matthews unilaterally signed draft settlement documentation formerly prepared by counsel for the parties. Exhibits "A - B." Neither Mr. Alston nor Blue Star countersigned. *Id.* Plaintiff alleges that the settlement agreement is based upon the draft documentation prepared by the undersigned on September 19, 2017 and accepted by Ms. Matthews on October 31, 2017. Doc. No. 66 at 19. On December 8, 2017, Plaintiff filed her Motion to Reopen proceedings [Doc. 66], alleging that counsel for the parties' reached a settlement and that counsel had unequivocal authority to do so without client consent or Court approval.

A settlement was not finalized by the parties. First, there is no dispute that this Court had not approved a settlement, as legally required under the Fair Labor Standards Act ("FLSA"). Second, a cursory review of the parties' draft documents will evidence that counsel contemplated their clients' final review and execution. Signature blocks are present for Ms. Matthews, Mr. Alston, and Blue Star, but all but Ms. Matthews' signature block are blank.

Third, a key condition precedent to moving for approval involved an initial payment by Defendants concurrently with document execution. As the documents were never signed, payment was never made. Fourth, by Plaintiff's own admission, counsel for the parties was continuing to circulate draft documentation for settlement, even after case dismissal. There was confusion over material terms in the drafts, as reflected by communication between counsel.

On September 26, 2017, the Court warned that "[d]iscovery has expired. Summary Judgment Motions due by 10/10/2017, if no Summary Judgment filed, the Proposed Consolidated Pretrial Order due by 10/10/2017. ***Failure to comply may result in dismissal of this action***." Doc. 63. Counsel for Plaintiff accepts responsibility for their negligence in failing to calendar the Court's October 10 deadline. *See* Declaration of Matthew W. Herrington, ¶15, Doc. 66-1 at 6, Declaration of Charles R. Bridgers, ¶8, Doc. 66-2 at 3. A failure to calendar a deadline is not, however, recognized as "excusable neglect" sufficient to warrant an extension of time to respond or to reopen a case. In this case, both of the attorneys representing Plaintiff, Herrington and Bridgers, each separately claim inadvertence to calendar the deadline to respond to this Court's order. *Id.*

ARGUMENT AND CITATION OF AUTHORITY

**I. No Settlement Had Been Executed by the Clients or Approved by the Court.**

Communications among counsel and the circulation of draft settlement documents do not support a reasonable belief that a legally binding agreement had been formed. Any reliance is directly refuted by the fact that all of the attorneys understood that the draft documents would be presented to their respective clients for signatures. Plaintiff contends that on July 20, 2017, the parties reached a settlement agreement. Doc. 66 at 2 (citing Exhibit 1 to Declaration of Matthew W. Herrington). However, over a month later on August 28, 2017, counsel for Plaintiff wrote: "Final draft of all documents are attached, along with a PDF of the settlement agreement. **Once you confirm approval, we will obtain our client's signature.**" Exhibit C (emphasis added). Defendants' counsel responded, not with an approval, but instead "I reviewed them with my client and we had a few more changes. I will email you the revisions today." *Id*. In other words, the parties had not yet finalized settlement terms and Plaintiff's counsel was well aware that counsel for Defendants required approval from their clients before any settlement could be final.

Although Ms. Matthews finally signed a version of the proposed settlement, albeit after the case had already been dismissed, neither Mr. Alston nor Blue Star executed their copies.  To the extent that Matthews or her attorneys claim that they believed Newby had unequivocal authority to bind, the blank signature blocks alone demonstrate that their belief was not reasonable.  Further, similar to *Williams v. P.F.Chang's*, *infra*, the documentation contains express representations and warranties and an affirmative duty for the client to read, understand, and agree to the terms of the release.  Section 4 of the draft documents provides as follows:

> The Parties acknowledge that they have been represented by competent legal counsel, are competent to execute this Release, and that the terms of this Release have been completely read and fully explained.  The Parties further acknowledge that they fully understand and voluntarily accept that this Release is executed for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, as contemplated in this Agreement, and it is specifically agreed that this Release shall be a complete bar to all claims or suits for damages within its stated scope, unless otherwise specified herein.

Counsel even admits that drafts of the documents were still being circulated by the parties.[1]  Doc. 66 at 7.  This includes continued discussion on the issue

---

[1] Where conflicting evidence indicates a genuine dispute of material fact, a motion to enforce settlement should be denied. *MetLife Life & Annuity Co. v. Akpele*, 131 F. Supp. 3d 1322, 1327-28 (N.D. Ga. 2015).  *See also Walls v. Walls*, 260 Ga. App. 673, 675-6, 580 S.E.2d 564, 566 (2003) (where existence

of confidentiality of settlement.  The existence of multiple, draft versions of settlement documents again evidences that an agreement had not been formed.

The Southern District of Florida encountered a factually similar situation in the case of *Williams v. P.F. Chang's China Bistro, Inc.*, No. 16-cv-60906-BLOOM/Valle, 2016 U.S. Dist. LEXIS 108417, at *12 (S.D. Fla. Aug. 16, 2016) and such should serve as persuasive authority on this Court. P.F. Chang's argued, in the same manner as Matthews, that counsel bound his client to a settlement.  In this case, the attorneys appeared to have designated $6,500 as the consideration for settlement.  *Id.* at 3.  Payment for settlement was also to be split between client and firm.  *Id.* at 4.  Counsel exchanged draft settlement documentation and P.F. Chang's even mailed checks in payment of settlement to the opposing attorney.  *Id.* at 4-5.  Despite this, the Southern District of Florida rejected the same arguments that Matthews presents now and held that the party seeking to enforce a settlement carries the burden to establish a meeting of the minds, mutual, reciprocal assent, and that the opposing attorney had unequivocal authority to enter into the agreement.  *Id.* at 8-11.  PF Chang's was found to have failed to meet its burden that the opposing attorney had 'unequivocal authority to enter into the settlement

---

of settlement is in dispute, moving party is subject to similar standard as motion for summary judgment).

agreement.' *Id.* at 11-12.  It was evident that both parties contemplated the client's signature as a condition of settlement as the documents contained representations and warranties that the client read and understood the terms of the release.  *Id.* at 5-6.  Opposing counsel was further directed not to deposit the checks until the settlement documentation was signed.  *Id.* at 13-15.  The settlement documentation also contained terms other than price, including a waiver of jury trial and confidentiality clause, and it was unclear that counsel had authority to bind the client on those matters.  *Id.* at 9.

Plaintiff's counsel is experienced in FLSA litigation and is well aware that a settlement must be approved by the Court.  This had not occurred.  The parties had not even submitted a motion to approve a settlement.  Importantly, two conditions precedent existed to the joint motion to approve a settlement: (i) client execution of the documentation and (ii) the deposit of an initial payment by Defendants.  Pursuant to §2.C of the draft release, an initial deposit was contemplated concurrently with document execution.  The following language is contained in the draft documents:

> Upon the execution of this Agreement by all Parties and the deposit of the Initial Payment, as described in Section 1.2 of Exhibit "A," with counsel for Defendants in the form of a cashiers' check, the Parties will file a joint motion to approve an FLSA settlement seeking a dismissal of case with the Court retaining jurisdiction to enforce the terms of the settlement agreement. Counsel for Defendants shall hold the cashiers' check evidencing the initial payment in trust and shall deliver

> possession to counsel for Plaintiff upon the entry of the order approving the settlement in the foregoing case. In the event that the settlement is not approved, counsel for Defendants shall promptly return the cashiers' check evidencing the Initial Payment to Defendants and this Settlement Agreement and Note attached as an exhibit shall be deemed void and rendered of no legal effect.

Defendants never made a single payment and also did not execute the form of draft promissory note attached.

In seeking to enforce the purported settlement agreement here, Plaintiff places great reliance on *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). While Defendants do not dispute that the requirements of *Lynn's Food* apply here, Defendants do dispute that the settlement in question met them. Doc. 66 at 11. Like the settlement at issue in *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (2013) (reversing enforcement of a settlement agreement involving FLSA claims against a former employer), this is not a difficult question. In *Nall*, the Eleventh Circuit recognized that since the settlement agreement at issue was not made under the supervision of the Secretary of Labor, it was "valid only if the district court entered a 'stipulated judgment' approving it." *Id*. The court of appeals reasoned that the district court should not have granted the opposed motion to approve and enforce the settlement agreement in that case because plaintiff's

attorney objected. Thus the private agreement was not a "stipulated judgment" within the meaning of *Lynn's Food* and not enforceable.

It is clear that the district court *never* approved the purported final settlement agreement. This is fatal because district court approval is a prerequisite to enforcement. The purported final settlement was never even submitted to the court for approval prior to the dismissal of the case. The fact that an objection remains pending to the enforcement precludes the possibility of entry of a "stipulated" judgment.

Plaintiff's citation to state law cases enforcing settlement agreements under Georgia law is inapplicable because none of those cases involved the settlement of FLSA claims, which first require court approval to be enforceable. Moreover, Newby could not have had plenary authority sufficient to bind Defendants to a settlement since he expressly communicated that he could not confirm all of the terms of the proposed settlement in the same email that Plaintiff relies upon for the agreement. *See* Exhibit 1 to Declaration of Matthew W. Herrington (regarding the confidentiality term - "I haven't discussed this term yet with my client yet. Given his procedure today, I don't think I can confirm this until Monday").

## II.       A Failure to Calendar a Deadline Is Not Excusable Neglect.

Fed. R. Civ. P. 60(b)(1) permits on motion and just terms, a court to relieve a party or its legal representative from a final judgment, order, or proceeding, for…….excusable neglect.  Similarly, Fed. R. Civ. P. 6(b)(1) states that when an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.  Although a Rule 60(b) motion is committed to the sound discretion of the trial judge, the movant must demonstrate 'a justification for relief so compelling that the district court is required to grant his motion' and it is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. *Pearson v. James*, No. 1:06-CV-2578-TWT, 2007 U.S. Dist. LEXIS 6140, at *2-3 (N.D. Ga. Jan. 26, 2007); *Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  In one instance, this Court denied, under Rule 60(b), a pro se party's leave to file a second amended complaint because she mistakenly added three calendar days after service of an order.  *Lowe v. Delta Airlines, Inc.*, No. 1:16-CV-3717-TWT-JSA, 2017 U.S. Dist. LEXIS 107905, at *15-17 (N.D. Ga. May 31, 2017).   Indeed, "[i]nadvertence,

10

ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Cordell v. Pac. Indem. Co.*, 335 Fed. Appx. 956, 960 (11th Cir. 2009). Federal courts are "wary of granting Rule 60(b) relief for excusable neglect based on claims of attorney error." *Revere v. Mchugh*, 362 Fed. Appx. 993, 999 (11th Cir. 2010).

Courts that have considered the issue routinely hold that calendaring errors do not constitute excusable neglect. *Cohen v. Murphey*, 222 F.R.D. 416, 417-18 (N.D. Cal. 2004); citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) ("mis-calendaring a date is certainly a plausible mistake, but it is the attorney's mistake and he and his client are responsible for the consequences"); *Kraus-Anderson Capital, Inc. v. Donohue*, No. 4:14-cv-00937-NKL, 2015 U.S. Dist. LEXIS 10214, at *7-8, 17-18 (W.D. Mo. Jan. 29, 2015) (excusable neglect under Rule 60(b) does not include ignorance or carelessness on the part of an attorney and "[g]arden variety inattention" to a court's order, such as miscalendaring a trial date, does not constitute excusable neglect).

Plaintiff failed to file a motion for summary judgment or consolidated pre-trial order pursuant to the September 26, 2017 order of the Court [Doc.

11

63].[2]  Although the parties were engaged in settlement discussions, Plaintiff could and should have filed a motion for extension of time to comply with that order.  The Court elected to dismiss the case.  Counsel now claims excusable neglect based upon two attorneys' failure to calendar a deadline.  This, however, is not grounds for relief under Rule 60(b)(1) or Rule 6(b)(1).

## III.       This Court Lacks Ancillary Jurisdiction to Enforce a Settlement.

The doctrine of ancillary jurisdiction permits a federal court to assert jurisdiction over claims that are sufficiently related to an action properly within that court's subject matter jurisdiction.  *In re Hanks*, 182 B.R. 930, 934 (Bankr. N.D. Ga. 1995) (holding that reference to settlement is insufficient to support court's ancillary jurisdiction).  The Supreme Court's holding in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) makes clear that enforcing a settlement of federal litigation does not automatically come within a court's ancillary jurisdiction.  *In re Hanks,* 182 B.R. at 934.  Instead, enforcement of a settlement only comes within the court's ancillary

---

[2] "Plaintiff's counsel, long having expected the imminent completion and filing of the written settlement agreement and motion for approval, inadvertently neglected to calendar that deadline and timely move the Court for additional time to submit the settlement for approval." Doc. 66 at 6-7.

jurisdiction when the dismissal order specifically retains jurisdiction or explicitly incorporates the terms of agreement. *Id.* This remains good law in Georgia. *See United Subcontractors, Inc. v. Rust Consulting, Inc.*, No. 16-CV-04735-AT, 2017 U.S. Dist. LEXIS 149194, at *6-7, 15 (N.D. Ga. Aug. 2, 2017) and *United States v. McCullough*, No. CR415-057, 2017 U.S. Dist. LEXIS 2906, at *2-4 (S.D. Ga. Jan. 9, 2017).

Plaintiff alleges that the settlement agreement is based upon the draft documentation prepared on September 19, 2017 and accepted by Ms. Matthews on October 31, 2017. Doc. 66 at 19. This federal case had, however, been dismissed on October 16, 2017 – the same day Plaintiff's counsel acknowledged that the settlement was in "draft." Doc. 64. The order of dismissal does not reserve jurisdiction or incorporate the terms of settlement. The result is that this Court lacks ancillary jurisdiction to enforce the terms of a purported settlement.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Reopen Proceeding and Approve FLSA Settlement [Doc. 66] be denied.

Respectfully submitted this 22nd day of December, 2017.

NEWBY LAW GROUP, LLC

*/s/ Kenneth A. Newby*
**Kenneth A. Newby**
GA State Bar No. 179772

55 Ivan Allen Jr. Blvd., Suite 820
Atlanta, GA 30308
(404) 239-2224 (t)
(404) 745-0075 (f)
ken@newbylawgroup.com

**Attorney for Defendant Blue Star Kitchen, Inc.**


THE SHARMAN LAW FIRM, LLC

*/s/ Paul Joseph Sharman*
**Paul Joseph Sharman**
GA State Bar No. 227207
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678-242-5297
paul@sharman-law.com

**Attorney for Alre Alston**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARQUISHA MATTHEWS,<br><br>    Plaintiff,<br><br>v.<br><br>ULTIMATE SPORTS BAR, LLC, et al.,<br><br>    Defendants. | CASE NO.: 1:13-cv-2353-TWT |

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that I prepared the foregoing in Times New Roman, 14-point font, as approved by LR 5.1.

This 22nd day of December, 2017.

                                      */s/ Kenneth A. Newby*
                                      **Kenneth A. Newby**
                                      GA State Bar No. 179772

## **CERTIFICATE OF SERVICE**

This certifies that I have this day served a true and correct copy of the within and foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record identified below:

Charles Ronald Bridgers
Kevin D. Fitzpatrick, Jr.
Matthew Wilson Herrington
Paul Joseph Sharman

This 22nd day of December, 2017.

/s/ Kenneth A. Newby
**Kenneth A. Newby**
GA State Bar No. 179772